IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FENORRIS PEARSON, | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | 4:15-cv-01791 |
| | ) | |
| HEALTHSCRIPTS MANAGEMENT | ) | |
| SERVICES, LLC; TITANIUM HEALTHCARE, | ) | |
| INC.; GLOBAL MOLECULARL LABS, LLC; | ) | JURY TRIAL DEMANDED |
| HEALTHSCRIPTS SPECIALTY PHARMACY, | ) | |
| LLC; HEALTHSCRIPTS OF AMERICA— | ) | |
| AUSTIN, LLC; HEALTHSCRIPTS OF | ) | |
| AMERICA—DALLAS, LLC; HEALTHSCRIPTS | ) | |
| OF AMERICA—DENTON, LLC; | ) | |
| HEALTHSCRIPTS OF AMERICA—FRISCO, | ) | |
| LLC; HEALTHSCRIPTS OF AMERICA—HILL | ) | |
| COUNTRY, LLC; HEALTHSCRIPTS OF | ) | |
| AMERICA—HOUSTON, LLC; | ) | |
| HEALTHSCRIPTS OF AMERICA— HOUTSON | ) | |
| GALLERIA, LLC; HEALTHSCRIPTS OF | ) | |
| AMERICA—HOUSTON MEDICAL CENTER, | ) | |
| LLC; HEALTHSCRIPTS OF AMERICA— | ) | |
| HOUSTON NORTHWEST, LLC; | ) | |
| HEALTHSCRIPTS OF AMERICA—LUBOCK, | ) | |
| LLC; HEALTHSCRIPTS OF AMERICA— | ) | |
| MISSOURI CITY, LLC; HEALTHSCRIPTS OF | ) | |
| AMERICA—NORTH AUSTIN, LLC; | ) | |
| HEALTHSCRIPTS OF AMERICA—NORTH | ) | |
| CENTRAL TEXAS, LLC; HEALTHSCRIPTS | ) | |
| OF AMERICA—NORTH HOUSTON, LLC; | ) | |
| HEALTHSCRIPTS OF AMERICA—NORTH | ) | |
| TEXAS, LLC; HEALTHSCRIPTS OF AMERICA | ) | |
| —PEARLAND, LLC; HEALTHSCRIPTS OF | ) | |
| AMERICA—RICHARDSON, LLC; | ) | |
| HEALTHSCRIPTS OF AMERICA—ROUND | ) | |
| ROCK, LLC; HEALTHSCRIPTS OF | ) | |

AMERICA—SOUTHLAKE, LLC;                    )
HEALTHSCRIPTS OF AMERICA—STAFFORD,)
LLC; HEALTHSCRIPTS OF AMERICA—         )
SOUTHWEST TEXAS, LLC; and                   )
HEALTHSCRIPTS OF AMERICA—               )
WOODLANDS, LLC,                                  )
                                                         )
      Defendants.                                   )
                                                         )

## FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff Fenorris Pearson ("Plaintiff" or "Pearson") submits the following Complaint for Damages against Defendants, showing the Court as follows:

## INTRODUCTION

1.

This is an action arising out of Defendants' discrimination and retaliation against Plaintiff during his employment.  Plaintiff asserts claims under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Texas Commission on Human Rights Act of 1983, as amended, Tex. Lab. Code. Ann. § 21.001 *et seq.* ("TCHRA"), and Section 806 of the Sarbanes-Oxley Act of 2002, as amended, 18 U.S.C. § 1541A *et seq*. ("SOX").

2.

Plaintiff also sets forth tort claims for assault and negligent supervision and retention related to his employment with Defendants.

3.

Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, and attorneys' fees and costs, as well as any other relief which is proper and permitted under the law.

## JURISDICTION AND VENUE

4.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a), and 18 U.S.C. § 1514A(b)(1)(B).

5.

Plaintiff further requests that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and decide the tort claims herein arising under the laws of the State of Texas.

6.

The violations of Plaintiff's rights were committed within the Southern District of Texas.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c), as a significant portion of the acts of which Plaintiff complains occurred in the Houston Division of the United States District Court for the Southern District of Texas. Defendants have each appeared in this action, and have subjected themselves to the jurisdiction and venue of this Court.

## **PARTIES**

7.

Plaintiff is a resident of the State of Texas.  He subjects himself to the jurisdiction of this Court.

8.

Plaintiff was formerly employed by Defendants and worked at their Bellaire, Texas location, where all or substantially all of the unlawful conduct giving rise to this Complaint occurred.

9.

Defendant HealthScripts Management Services, LLC (hereinafter "HMS") is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

10.

Defendant Titanium Healthcare, Inc. (hereinafter "Titanium") is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

11.

Defendant Global Molecular Labs, LLC (hereinafter "GML") is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

12.

Defendant Healthscripts Specialty Pharmacy, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

13.

Defendant Healthscripts of America—Austin, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

14.

Defendant Healthscripts of America—Dallas, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

15.

Defendant Healthscripts of America—Denton, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

16.

Defendant Healthscripts of America—Frisco, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

17.

Defendant Healthscripts of America—Hill Country, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

18.

Defendant Healthscripts of America—Houston, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

19.

Defendant Healthscripts of America—Houston Galleria, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

20.

Defendant Healthscripts of America—Houston Medical Center, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

21.

Defendant Healthscripts of America—Houston Northwest, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

22.

Defendant Healthscripts of America—Lubock, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

23.

Defendant Healthscripts of America—Missouri City, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

24.

Defendant Healthscripts of America—North Austin, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

25.

Defendant Healthscripts of America—North Central Texas, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

26.

Defendant Healthscripts of America—North Houston, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

27.

Defendant Healthscripts of America—North Texas, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

28.

Defendant Healthscripts of America—Pearland, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

29.

Defendant Healthscripts of America—Richardson, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

30.

Defendant Healthscripts of America—Round Rock, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

31.

Defendant Healthscripts of America—Southlake, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

32.

Defendant Healthscripts of America—Stafford, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

33.

Defendant Healthscripts of America—Southwest Texas, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

34.

Defendant Healthscripts of America—Woodlands, LLC is a Texas corporation and may be served with process upon its registered agent for service of process, the Registered Agent Solutions, Inc., at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

## STATEMENT OF FACTS

35.

Pearson is an African-American male.

36.

The Defendants are a network of subsidiary, predecessor and/or commonly-owned businesses operating physician-owned compounding pharmacies ("POPs").

### Plaintiff's Employment by Defendants

37.

Pearson initially became employed by Healthscripts Specialty Pharmacy, LLC in October 2013 as its Chief Human Resources Officer.

38.

As the company expanded, Pearson began performing human resources-related responsibilities for each of the POPs managed by HSP, which later became HMS.

39.

Pearson also performed human resources-related work for two other companies which shared common ownership with HMS—GML, a toxicology group, and Titanium, a development-stage public company.

40.

During his employment, Pearson reported to Kamran Nezami who was the President and Chief Executive Officer of HMS and HSP, the Chairman of Titanium, and significant owner of each of the individual POPs.

41.

Pearson worked closely with Nezami and others of Defendants' executives regarding significant personnel issues, including hiring and recruiting of upper level management, payroll, and day-to-day employee relations matters for all Defendants.

42.

Over time his responsibilities expanded to include overseeing the operations of all the POPs as a de facto Operations Manager.

## **Defendants' Pattern of Discriminatory and Hostile Conduct**

### 43.

Throughout his employment, Nezami made racially derogatory and offensive remarks to Pearson, and about other African-Americans, in the presence of many of Defendants' executives and employees.

### 44.

Nezami's apparent disdain for African-Americans was brazen and vocal.

### 45.

Nezami used the word "nigger" to describe African-American employees to Pearson.

### 46.

Nezami would often introduce Pearson to persons outside of the organization as "the big Black guy that speaks like a White guy."

### 47.

Nezami admonished Pearson for hiring too many African-American employees.

### 48.

Following Pearson's decision to hire an African-American Organizational Development Manager, Nezami commented to Pearson that the African-American employees were "taking over like the 'Planet of the Apes'." Nezami then

attempted to mimic an ape, scratching himself under his armpits in front of Defendants' executives.

49.

Nezami refused to hire an African-American Chief Financial Officer, telling Pearson he did not trust an African-American to handle matters of the significant magnitude required of the position.

50.

Pearson overheard Nezami refer to an African-American attorney Pearson referred as a consultant as a "lazy nigger."

51.

Pearson often objected to Nezami's discriminatory and demeaning comments and told him he was offended.

52.

Pearson also complained to others of Defendants' executives, but no remedial action was taken.

53.

Nezami's behavior thereafter continued and escalated.

54.

In January 2014, Pearson was involved in investigating a sexual harassment complaint of a female employee against Nezami.

55.

As Pearson met with the female employee in a conference room, Nezami entered the room and began to intimidate both Pearson and the female employee.

56.

Pearson reported the incident to executives of HMS, and also to Diane Carter, Defendants' attorney.  They dismissed Pearson's complaint and told him that Nezami was "just playing."

57.

During his employment, HMS paid Pearson significantly less than non-African-American similarly situated employees.

58.

Significantly, Pearson was paid less than his non-African-American subordinates.

**Plaintiff's Reporting of Suspicious Financial Activity.**

59.

During his employment, Pearson became concerned about potential shareholder fraud and financial irregularities because of suspicious spending by Nezami.

60.

Pearson raised questions to shareholders about his concerns, but they were ignored.

61.

In or around June, investors began to raise concerns about similar financial irregularities, and Defendants began an internal investigation to appease the investors.

62.

Nevertheless, it appeared to Pearson as if Defendants attempted to sweep the allegations under the rug and pacify the concerned investors.

63.

On July 14, 2014, Pearson made a final attempt to formally report all of Nezami's unlawful, inappropriate, and suspected illegal conduct to Defendants' shareholders and executives hoping they would take it seriously.

64.

Pearson sent an e-mail to Defendants' shareholders and executives informing them of the "hostile work environment" Nezami created with respect to his employment, his suspicion of embezzlement, his sexual harassment of a female employee, and other improper actions of Nezami.

## Plaintiff's Unlawful Termination.

65.

On July 30, 2014, Pearson's employment with HMS was terminated by Carter.

## COUNT I
## HOSTILE WORK ENVIRONMENT

66.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

67.

Plaintiff is a member of a protected class in that he is an African-American man.

68.

At all times material to this Complaint, Plaintiff and Defendants were parties to an employment agreement under which Plaintiff worked for Defendants and Defendants compensated Plaintiff for his work.

- 17 -

69.

Plaintiff performed his contractual obligations.

70.

Plaintiff was subject to unwelcome harassment on the basis of his race by Nezami, including, but not limited to, derogatory comments, demeaning disparate treatment, intimidation, and other negative treatment with respect to the terms and conditions of his employment.

71.

The unwelcome harassment to which Plaintiff was subjected on the basis of his race was so severe and pervasive that it materially altered the conditions of his employment and created a discriminatorily abusive working environment.

72.

The above-pled discriminatory conduct toward Plaintiff constitutes unlawful race discrimination in violation of Section 1981.

73.

The above-pled discriminatory conduct toward Plaintiff constitutes unlawful race discrimination in violation of Title VII.

74.

The above-pled discriminatory conduct toward Plaintiff constitutes unlawful race discrimination in violation of the TCHRA.

75.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights and/or acted in reckless disregard for Plaintiff's rights under the herein-referenced statutes.

76.

As a result of Defendants' discriminatory conduct, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, humiliation, and other indignities.

77.

Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Section 1981, Title VII, or the TCHRA.

## COUNT II
## DISCRIMINATORY DISCHARGE

78.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

79.

Plaintiff's termination was a pretext for unlawful discrimination.

80.

Plaintiff was terminated for alleged misconduct, which he denies having engaged in, but which is similar in nature to conduct engaged in by non-African-American employees of HMS who were not terminated for engaging in such conduct.

81.

 The above-pled discriminatory conduct toward Plaintiff constitutes discriminatory discharge because of his race in violation of Section 1981.

82.

The above-pled discriminatory conduct toward Plaintiff constitutes discriminatory discharge because of his race in violation of Title VII.

83.

The above-pled discriminatory conduct toward Plaintiff constitutes discriminatory discharge because of his race in violation of the TCHRA.

84.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights and/or acted in reckless disregard for Plaintiff's rights under the herein-referenced statutes.

85.

As a result of Defendants' discriminatory conduct, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, humiliation, and other indignities.

86.

Plaintiff is entitled to damages, including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Section 1981, Title VII, or the TCHRA.

## COUNT III
## DISPARATE COMPENSATION DISCRIMINATION

87.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

88.

Plaintiff performed at a similar level of responsibility as his Caucasian colleagues who were similarly situated to him, but he was compensated less than they were because of his race.

89.

The above-pled discriminatory conduct toward Plaintiff constitutes compensation discrimination because of his race in violation of Section 1981.

90.

The above-pled discriminatory conduct toward Plaintiff constitutes compensation discrimination because of his race in violation of Title VII.

91.

The above-pled discriminatory conduct toward Plaintiff constitutes compensation discrimination because of his race in violation of the TCHRA.

92.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights and/or acted in reckless disregard for Plaintiff's rights under the herein-referenced statutes.

93.

As a result of Defendants' discriminatory conduct, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, humiliation, and other indignities.

94.

Plaintiff is entitled to damages, including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Section 1981, Title VII, or the TCHRA.

## COUNT IV
## RETALIATION

### 95.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

### 96.

Plaintiff engaged in statutorily protected activity by repeatedly complaining of race discrimination and asserting the right to equality to Defendants' shareholders and attorneys.

### 97.

Plaintiff engaged in statutorily protected activity by participating in the investigation of the complaint of sexual harassment of a female employee.

### 98.

Defendants engaged in unlawful retaliation against Plaintiff in response to Plaintiff's protected activity by, without limitation, terminating his employment, and other actions affecting the terms or conditions of his employment.

### 99.

The above-pled discriminatory conduct toward Plaintiff constitutes retaliation in violation of Section 1981.

100.

The above-pled discriminatory conduct toward Plaintiff constitutes retaliation in violation of Title VII.

101.

The above-pled discriminatory conduct toward Plaintiff constitutes retaliation in violation of the TCHRA.

102.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights and/or acted in reckless disregard for Plaintiff's rights under the herein-referenced statutes.

103.

As a result of Defendants' discriminatory conduct, Plaintiff has suffered lost compensation and other benefits of employment, emotional distress, inconvenience, humiliation, and other indignities.

104.

Plaintiff is entitled to damages, including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Section 1981, Title VII, or the TCHRA.

## COUNT V
## WHISTLEBLOWER RETALIATION

### 105.

Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

### 106.

Defendant Titanium has a class of securities registered under Section 12 of the Securities Exchange Act of 1934 or is required to file reports under Section 15(d) of the Securities Exchange Act of 1934.

### 107.

The Sarbanes-Oxley Act affords protection from retaliation to an employee who gives information or assistance to ***any person*** with supervisory authority over the employee. 18 U.S.C. § 1514A(a)(1)(C).

### 108.

Pearson provided information to shareholders, persons with supervisory authority over him, and employees of Defendant Titanium with authority to investigate, discover and terminate misconduct.

### 109.

Pearson reasonably believed that the information he provided to such persons involved conduct that would constitute a violation of the Securities Exchange Act section 1341, 1343, 1344, 1348, any rule or regulation of the

Securities Exchange Commission, or any provision of federal law related to fraud against shareholders.

### 110.

Defendants retaliated against Pearson by terminating his employment as a result of providing such information.

### 111.

The above-pled conduct toward Plaintiff constitutes unlawful retaliation in violation of the Sarbarnes-Oxley Act.

## CONDITIONS PRECEDENT

### 112.

All conditions precedent to filing this lawsuit have been accomplished.

### 113.

Pearson dually-filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC") Civil Rights Division within 180 day of the acts of which he complains.

### 114.

The EEOC issued Pearson a notice of right to sue and this action was filed within 90 days of his receipt of the notice.

115.

More than 180 days has elapsed since the filing of Pearson's charge of discrimination with the TWC and this action was filed less than 2 years after the charge of discrimination was filed.

116.

The Sarbanes-Oxley Act provides that a plaintiff must file a complaint with the Secretary of Labor "not later than 180 days after the date on which the violation occurs, *or* after the date on which the employee *became aware* of the violation."

117.

Plaintiff was not aware until January 2015 that his termination was retaliatory.

118.

Plaintiff filed his complaint with the Department of Labor's Occupational Safety and Health Administration ("OSHA") alleging whistleblower retaliation on June 24, 2015, within the required 180 days of learning of Defendants' retaliatory termination.

119.

Plaintiff has also satisfied the remaining administrative requirement to vest the Court with jurisdiction because more than 180 days elapsed from the time

Plaintiff filed his complaint with OSHA before he received or was aware of any order or decision from the agency.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A.     That the Court take jurisdiction of this matter;

B.     That process be served;

C.     That the Court award Plaintiff back pay and front pay in an amount to be determined at the trial of this case;

D.     That the Court award compensatory damages in an amount to be determined by the trier of fact;

E.     That the Court award Plaintiff punitive damages against Defendants in an amount to be determined by the trier of fact;

F.     That the Court award Plaintiff his costs in this action and his reasonable attorneys' fees;

G.     That the Court grant to Plaintiff the right to have a jury trial on all issues triable to a jury; and

H.     That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 8th day of April, 2016.

THE CHESTNUT FIRM, LLC

By: /s/ Christopher Chestnut
Christopher M. Chestnut
Florida Bar No. 0022409
841 Prudential Drive, Suite 1220
Twelfth Floor
Jacksonville, FL 32207
Telephone: (904) 371-6587
Facsimile: (855) 377-2667
Chris.chestnut@chestnutfirm.com
litigation@chestnutfirm.com

Judson Waltman
THE LANIER LAW FIRM
State Bar No.: 00797621
P.O. BOX 691449
6810 FM 1960 West (77069)
Houston, Texas 77269-1448
Telephone: (713) 659-5200
Telecopier: (713) 659-2204
Jud.Waltman@lanierlawfirm.com

ATTORNEYS FOR PLAINTIFF
FENORRIS PEARSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **FENORRIS PEARSON,**<br>    **Plaintiff,**<br><br>**vs.**<br><br>**HEALTHSCRIPTS MANAGEMENT<br>SERVICES LLC,** *et al.,*<br><br>    **Defendants.** | **Civil Action No. 4:15-cv-01791** |

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher Chestnut, hereby certify that on this date I served a true and

correct copy of the foregoing Plaintiff's First Amended Complaint by electronic

filing through the CM/ECF system in accordance with the United States District

Court rules to:

Judson Waltman
P.O. BOX 691449
6810 FM 1960 West (77069)
Houston, Texas 77269-1448

Ruth Ann Daniels
Marcus Fettinger
Gray Reed & McGraw, P.C.
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201

- 30 -

Joseph G. Galagaza
Jackson Lewis P.C.
1415 Louisiana Street
Suite 3325
Houston, Texas 77002

Ruthie N. White
Pamela B. Linberg
Jackson Lewis P.C.
1415 Louisiana Street
Suite 3325
Houston, Texas 77002

Paul Matula
Eric Taube
Hohmann Taube et al
100 Congress Ave
18th Floor
Austin, TX 78701

Samuel C Beale
Attorney at Law
5821 Southwest Freeway
Ste 416
Houston, TX 77057


By: */s/ Christopher M. Chestnut*
Christopher M. Chestnut
Chris.chestnut@chestnutfirm.com
Litigation@chestnutfirm.com