**IN THE UNITED STATES COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FENORRIS PEARSON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:15-cv-01791** |
| | § | |
| **HEALTHSCRIPTS MANAGEMENT** | § | |
| **SERVICES, LLC; TITANIUM HEALTHCARE,** | § | |
| **INC.; GLOBAL MOLECULARL LABS, LLC;** | § | |
| **HEALTHSCRIPTS SPECIALTY PHARMACY,** | § | |
| **LLC; HEALTHSCRIPTS OF AMERICA—** | § | |
| **AUSTIN, LLC HEALTHSCRIPTS OF** | § | |
| **AMERICA—DALLAS, LLC; HEALTHSCRIPTS** | § | |
| **OF AMERICA—DENTON; HEALTHSCRIPTS** | § | |
| **OF AMERICA—FRISCO; HEALTHSCRIPTS** | § | |
| **OF AMERICA—HOUSTON, LLC;** | § | |
| **HEALTHSCRIPTS OF AMERICA—HOUSTON** | § | |
| **GALLERIA, LLC; HEALTHSCRIPTS OF** | § | |
| **AMERICA—HOUSTON MEDICAL CENTER,** | § | |
| **LLC; HEALTHSCRIPTS OF AMERICA—** | § | |
| **HOUSTON NORTHWEST, LLC;** | § | |
| **HEALTHSCRIPTS OF AMERICA—LUBOCK,** | § | **JURY TRIAL DEMANDED** |
| **LLC; HEALTHSCRIPTS OF AMERICA—** | § | **(by Plaintiff)** |
| **MISSOURI CITY, LLC; HEALTHSCRIPTS OF** | § | |
| **AMERICA NORTH AUSTIN, LLC;** | § | |
| **HEALTHSCRIPTS OF AMERICA—NORTH** | § | |
| **CENTRAL TEXAS, LLC; HEALTHSCRIPTS** | § | |
| **OF AMERICA—NORTH HOUSTON, LLC;** | § | |
| **HEALTHSCRIPTS OF AMERICA—NORTH** | § | |
| **TEXAS, LLC; HEALTHSCRIPTS OF** | § | |
| **AMERICA—PEARLAND, LLC;** | § | |
| **HEALTHSCRIPTS OF AMERICA—** | § | |
| **RICHARDSON, LLC; HEALTHSCRIPTS OF** | § | |
| **AMERICA—ROUND ROCK, LLC;** | § | |
| **HEALTHSCRIPTS OF AMERICA—** | § | |
| **SOUTHLAKE, LLC; HEALTHSCRIPTS OF** | § | |
| **AMERICA—STAFFORD, LLC;** | § | |
| **HEALTHSCRIPTS OF AMERICA, SOUTHWEST** | § | |
| **TEXAS, LLC; HEALTHSCRIPTS OF** | § | |
| **AMERICA—WOODLANDS, LLC;** | § | |
| | § | |
| **Defendants.** | § | |

1

**DEFENDANTS' ORIGINAL ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

Defendants Healthscripts Specialty Pharmacy, LLC, Healthscripts of America—Austin, LLC, Healthscripts of America—Dallas, LLC, Healthscripts of America—Frisco, LLC, Healthscripts of America—Hill Country, LLC, Healthscripts of America—Houston Galleria, LLC, Healthscripts of America—Lubbock, LLC, Healthscripts of America—North Austin, LLC, Healthscripts of America—North Texas, LLC, Healthscripts of America—Pearland, LLC, Healthscripts of America—Southlake, LLC, Healthscripts of America—Stafford, LLC, and Healthscripts of America—Southwest Texas, LLC (collectively, "Defendants") answer the First Amended Complaint for Damages [**Dkt. 68**] ("Complaint") filed by Plaintiff Fenorris Pearson ("Pearson"/ "Plaintiff") as follows:

## I.  LIMITED GENERAL DENIAL

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny all factual allegations contained in the Complaint except those expressly admitted below.

## II.  ANSWER TO PLAINTIFF'S ALLEGATIONS

In addition to their limited general denial, Defendants specifically respond to the Plaintiff's factual allegations as follows (which corresponds to the Complaint's numbered paragraphs):

### INTRODUCTION

1.   Paragraph 1 of the Complaint contains a description of Plaintiff's claims to which no response is required.

2.   Paragraph 2 of the Complaint contains a description of Plaintiff's claims to which no response is required.

3.      Paragraph 3 of the Complaint contains a description of Plaintiff's requested damages and relief to which no response is required.  Defendants deny that Plaintiff is entitled to recover any of the damages or relief requested in the third paragraph of the Complaint.

## JURISDICTION AND VENUE

4.      Defendants admit that this federal district court generally has subject matter jurisdiction over the claims asserted under the federal statutes identified in paragraph 4 of the Complaint, but deny that the Complaint states a legally cognizable claim under the identified statutes.  Defendants deny that Plaintiff is entitled to recovery under any of the identified statutes.

5.      Paragraph 5 of the Complaint contains a request for the Court to exercise pendant jurisdiction over his state law claims to which no response is required.  Defendants deny that Plaintiff is entitled to recovery under any claim under Texas law.

6.      Defendants deny that they employed Plaintiff or violated any of his legal rights and deny the remaining factual allegations in paragraph 6 of the Complaint.

7.      Defendants admit that Plaintiff is a resident of Texas.  The remaining statements in paragraph 7 of the Complaint do not constitute specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the remaining factual allegations in paragraph 7 of the Complaint.

8.      Defendants deny that they employed Plaintiff and deny the remaining factual allegations in paragraph 8 of the Complaint.

9.      Paragraph 9 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the

extent that a further response may be required, Defendants deny the factual allegations in paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 11 of the Complaint.

12.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 12 of the Complaint.

13.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 13 of the Complaint.

14.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 15 of the Complaint.

16.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 16 of the Complaint.

17.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 18 of the Complaint.

19.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 19 of the Complaint.

20.     Paragraph 20 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 21 of the Complaint.

22.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 23 of the Complaint.

24.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 26 of the Complaint.

27.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 27 of the Complaint.

28.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 29 of the Complaint.

30.     Paragraph 30 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 30 of the Complaint.

31.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 31 of the Complaint.

32.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 32 of the Complaint.

33.     Defendants admit that the listed entity is a Texas limited liability company and admit the remaining factual allegations in paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.  To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 34 of the Complaint.

## STATEMENT OF FACTS

35.     Defendant admits the factual allegations in paragraph 35 of the Complaint.

36.     Defendants admit that Plaintiff was formerly employed by another Defendant, Healthscripts Management Services, LLC ("HMS"), but deny the remaining factual allegations in paragraph 36 of the Complaint.

### Plaintiff's Employment by Defendants

37.     Defendants admit that HMS hired Plaintiff as its Director of Human Resources in October 2013, but deny the remaining factual allegations in paragraph 37 of the Complaint.

38.     Defendants deny the factual allegations in paragraph 38 of the Complaint.

39.     Defendants deny the factual allegations in paragraph 39 of the Complaint.

40.     Defendant admits that Plaintiff reported to Kamran Nezami ("Nezami") during a portion of his employment with HMS, but deny the remaining factual allegations in paragraph 40 of the Complaint.

41.     Defendants admit that Plaintiff worked with HMS's executives on personnel issues during his employment with HMS, but deny the remaining factual allegations in paragraph 41 of the Complaint.

42.     Defendants deny the factual allegations in paragraph 42 of the Complaint.

43.     Defendants deny the factual allegations in paragraph 43 of the Complaint.

44.     Defendants deny the factual assertions in paragraph 44 of the Complaint.

45.     Defendants deny the factual allegations in paragraph 45 of the Complaint.

46.     Defendants deny the factual allegations in paragraph 46 of the Complaint.

47.     Defendants deny the factual allegations in paragraph 47 of the Complaint.

**Defendants' Patterns of Discriminatory and Hostile Conduct**

48.     Defendants admit that Nezami made a statement to Plaintiff that included the phrase "planet of the apes" while Plaintiff was employed by HMS, but deny that the statement or the circumstances surrounding the statement were as alleged by Plaintiff in paragraph 48 of the Complaint.  Defendants deny the remaining factual allegations in paragraph 48 of the Complaint.

49.     Defendants deny the factual allegations in paragraph 49 of the Complaint.

50.     Defendants deny the factual allegations in paragraph 50 of the Complaint.

51.     Defendants deny the factual allegations in paragraph 51 of the Complaint.

52.     Defendants deny the factual allegations in paragraph 52 of the Complaint.

53.     Defendants deny the factual allegations in paragraph 53 of the Complaint.

54.     Defendants deny the factual allegations in paragraph 54 of the Complaint.

55.     Defendants deny the factual allegations in paragraph 55 of the Complaint.

56.     Defendants deny the factual allegations in paragraph 56 of the Complaint.

57.     Defendants deny the factual allegations in paragraph 57 of the Complaint.

58.     Defendants deny the factual allegations in paragraph 58 of the Complaint.

**Plaintiff's Reporting of Suspicious Financial Activity**

59.     Defendants deny the factual allegations in paragraph 59 of the Complaint.

60.     Defendants deny the factual allegations in paragraph 60 of the Complaint.

61.     Defendants deny the factual allegations in paragraph 61 of the Complaint.

62.     Defendants deny the factual allegations in paragraph 62 of the Complaint.

63.     Defendants deny the factual allegations in paragraph 63 of the Complaint.

64.     Defendants deny the factual allegations in paragraph 64 of the Complaint.

**Plaintiff's Unlawful Termination**

65.     Defendants admit that HMS discharged Plaintiff from employment in July 2014 for theft relating to a kickback scheme Plaintiff conceived and executed with a consultant. Defendants deny the remaining factual allegations in paragraph 65 of the Complaint.

**COUNT I**
**HOSTILE WORK ENVIRONMENT**

66.     Paragraph 66 of the Complaint contains no specific factual allegations to which Defendants must respond.   To the extent that a further response may be required, Defendants incorporate and restate their prior answers and denials to the extent implicated by paragraph 66's reference to "all preceding paragraphs in this Complaint" and affirmatively state that these allegations fail to present a cognizable claim under applicable law.

67.     Defendants admit the factual allegations in paragraph 67 of the Complaint.

68.     Defendants admit that HMS employed Plaintiff and compensated him for his employment, but deny that HMS had any employment agreement with Plaintiff, written or oral, other than an at-will employment relationship.  Defendants deny the remaining factual allegations in paragraph 68 of the Complaint.

69.     Defendants deny the factual allegations in paragraph 69 of the Complaint.

70.     Defendants deny the factual allegations in paragraph 70 of the Complaint.

71.     Defendants deny the factual allegations in paragraph 71 of the Complaint.

72.     Defendants deny that they are liable under the referenced statute in paragraph 72 of the Complaint and deny the remaining factual allegations in paragraph 72.

73.     Defendants deny that they are liable under the referenced statute in paragraph 73 of the Complaint and deny the remaining factual allegations in paragraph 73.

74.     Defendants deny that they are liable under the referenced statute in paragraph 74 of the Complaint and deny the remaining factual allegations in paragraph 74.

75.     Defendants deny the factual allegations in paragraph 75 of the Complaint.

76.     Defendants deny the factual allegations in paragraph 76 of the Complaint.

77.     Defendants deny that Plaintiff is entitled to any of the requested relief in paragraph 77 of the Complaint and deny the remaining factual allegations in paragraph 77.

## COUNT II
## DISCRIMATORY DISCHARGE

78.     Paragraph 78 of the Complaint contains no specific factual allegations to which Defendants must respond.  To the extent that a further response may be required, Defendants incorporate and restate their prior answers and denials to the extent implicated by Paragraph 78's reference to "all preceding paragraphs in this Complaint" and affirmatively state that these allegations fail to present a cognizable claim under applicable law.

79.    Defendants deny the factual allegations in paragraph 79 of the Complaint.

80.    Defendants admit that HMS discharged Plaintiff from employment based on misconduct and theft, but deny the remaining factual allegations in paragraph 80 of the Complaint.

81.    Defendants deny that they are liable under the referenced statute in paragraph 81 of the Complaint and deny the remaining factual allegations in paragraph 81.

82.    Defendants deny that they are liable under the referenced statute in paragraph 82 of the Complaint and deny the remaining factual allegations in paragraph 82.

83.    Defendants deny that they are liable under the referenced statute in paragraph 83 of the Complaint and deny the remaining factual allegations in paragraph 83.

84.    Defendants deny the factual allegations in paragraph 84 of the Complaint.

85.    Defendants deny the factual allegations in paragraph 85 of the Complaint.

86.    Defendants deny that Plaintiff is entitled to any of the requested relief in paragraph 86 of the Complaint and deny the remaining factual allegations in paragraph 86.

## COUNT III
## DISPARATE COMPENSATION DISCRIMINATION

87.    Paragraph 87 of the Complaint contains no specific factual allegations to which Defendants must respond.   To the extent that a further response may be required, Defendants incorporate and restate their prior answers and denials to the extent implicated by Paragraph 87's reference to "all preceding paragraphs in this Complaint" and affirmatively state that these allegations fail to present a cognizable claim under applicable law.

88.    Defendants deny the factual allegations in paragraph 88 of the Complaint.

89.    Defendants deny that they are liable under the referenced statute in paragraph 89 of the Complaint and deny the remaining factual allegations in paragraph 89.

90.     Defendants deny that they are liable under the referenced statute in paragraph 90 of the Complaint and deny the remaining factual allegations in paragraph 90.

91.     Defendants deny that they are liable under the referenced statute in paragraph 91 of the Complaint and deny the remaining factual allegations in paragraph 91.

92.     Defendants deny the factual allegations in paragraph 92 of the Complaint.

93.     Defendants deny the factual allegations in paragraph 93 of the Complaint.

94.     Defendants deny that Plaintiff is entitled to any of the requested relief in paragraph 94 of the Complaint and deny the remaining factual allegations in paragraph 94.

<u>COUNT IV</u>
**RETALIATION**

95.     Paragraph 95 of the Complaint contains no specific factual allegations to which Defendants must respond.  To the extent that a further response may be required, Defendants incorporate and restate their prior answers and denials to the extent implicated by Paragraph 95's reference to "all preceding paragraphs in this Complaint" and affirmatively state that these allegations fail to present a cognizable claim under applicable law.

96.     Defendants deny the factual allegations in paragraph 96 of the Complaint.

97.     Defendants deny the factual allegations in paragraph 97 of the Complaint.

98.     Defendants deny the factual allegations in paragraph 98 of the Complaint.

99.     Defendants deny that they are liable under the referenced statute in paragraph 99 of the Complaint and deny the remaining factual allegations in paragraph 99.

100.    Defendants deny that they are liable under the referenced statute in paragraph 100 of the Complaint and deny the remaining factual allegations in paragraph 100.

101.    Defendants deny that they are liable under the referenced statute in paragraph 101 of the Complaint and deny the remaining factual allegations in paragraph 101.

102.   Defendants deny factual allegations in paragraph 102 of the Complaint.

103.   Defendants deny the factual allegations in paragraph 103 of the Complaint.

104.   Defendants deny that Plaintiff is entitled to any of the requested relief in paragraph 104 of the Complaint and deny the remaining factual allegations in paragraph 104.

## COUNT V
## WHISTLEBLOWER RETALIATION

105.   Paragraph 105 of the Complaint contains no specific factual allegations to which Defendants must respond.   To the extent that a further response may be required, Defendants incorporate and restate their prior answers and denials to the extent implicated by Paragraph 105's reference to "all preceding paragraphs in this Complaint" and affirmatively state that these allegations fail to present a cognizable claim under applicable law

106.    Paragraph 106 of the Complaint relates to another Defendant to this matter and does not contain any specific factual allegations that Defendants must admit or deny.   To the extent that a further response may be required, Defendants deny the factual allegations in paragraph 106 of the Complaint.

107.   Paragraph 107 of the Complaint contains a description of Plaintiff's requested damages and relief to which no response is required.   Defendants deny that Plaintiff is entitled to recover any of the damages or relief requested in the Paragraph 107 of the Complaint.

108.   Defendants deny that Plaintiff is entitled to any of the requested relief in paragraph 108 of the Complaint and deny the remaining factual allegations in paragraph 108.

109.   Defendants deny the factual allegations in paragraph 109 of the Complaint.

110.   Defendants deny the factual allegations in paragraph 110 of the Complaint.

111.   Defendants deny that they are liable under the referenced statute in paragraph 111 of the Complaint and deny the remaining factual allegations in paragraph 111.

## CONDITIONS PRECEDENT

112.   Defendants deny the factual allegations in paragraph 112 of the Complaint.

113.   Defendants admit that Plaintiff filed a charge of discrimination with the EEOC dated September 16, 2014, but deny the remaining factual allegations in paragraph 113 of the Complaint.

114.   Defendants admit the factual allegations in paragraph 114 of the Complaint.

115.   Defendants deny that they are liable under the referenced statute in paragraph 115 of the Complaint and deny the remaining factual allegations in paragraph 115.

116.   Defendants deny the factual allegations contained in paragraph 116 of the Complaint.

117.   Defendants lack information sufficient to form a belief about the truth of the factual allegations in Paragraph 117 of the Complaint.  As such, Defendants deny all of the factual allegations in paragraph 117 of the Complaint.

118.   Defendants lack information sufficient to form a belief about the truth of the factual allegations in Paragraph 118 of the Complaint.  As such, Defendants deny all of the factual allegations in paragraph 118 of the Complaint.

## PRAYER FOR RELIEF

119.   (UNNUMBERD IN COMPLAINT) Defendants admit that Plaintiff's Complaint alleges that he has requested a trial by jury trial, but deny that Plaintiff is entitled to a jury trial on all of the claims asserted or relief requested, including any equitable matters reserved for the Court, any claims on which Plaintiff has presented no material issue of fact and for which he cannot establish his claim as a matter of law on one or more elements upon which

he bears the burden of proof, or any matters on which Defendants affirmatively establish a defense barring the claims.

## III.  DEFENSES AND AFFIRMATIVE DEFENSES

120.  Pleading further, and in the alternative and to the extent necessary, Defendants assert the following defenses and affirmative defenses to Plaintiff's claims:

121.  The Complaint does not state a factually or legally cognizable claim upon which relief can be granted.

122.  Unless an allegation in the Complaint is expressly admitted, it is denied.

123.  Defendants are not liable to Plaintiff because none employed him.

124.  Some or all of Defendants are not subject to the statutes upon which Plaintiff sues because they do not employ the requisite number of employees.

125.  Plaintiff was an at-will employee of HMS whose employment could be terminated at any time, with or without notice, and with or without cause.

126.  Plaintiff's claims are barred by the applicable statutes of limitations in whole or in part.

127.  To the extent Plaintiff complains of acts beyond the scope of his administrative charge, the claims are barred for failure to exhaust mandatory administrative prerequisites.  To the extent Plaintiff did not administratively exhaust his Sarbanes-Oxley Act ("SOX") claim, the claim is barred for failure to exhaust mandatory administrative prerequisites.

128.  Any adverse employment decision affecting Plaintiff was made for legitimate, non-retaliatory, and non-discriminatory reasons and was in good faith.

129.  Defendants have made good-faith efforts to prevent discrimination and retaliation in the workplace and to comply with the law.

130.   Plaintiff did not engage in any activity protected by the retaliation and/or whistle-blower statutes under which he sues.  Alternatively, in the unlikely event the Court finds that Plaintiff engaged in such protected activity, Defendants assert that such activity was not a contributing factor to any employment decisions regarding Plaintiff and/or that it would have made the same employment decisions regarding Plaintiff in the absence of any such activity.

131.   In the unlikely event Plaintiff establishes that his race or some other unlawful intent was a motivating factor in any decision affecting him, which Defendants deny, the same actions and decisions would have occurred even if the protected characteristic, conduct, motive, or intent had been absent.  In such instance, Defendants reserve the right to assert a mixed-motive defense.

132.   Plaintiff's claims are barred and/or recovery of damages is precluded because Defendants have in place a reasonable policy prohibiting the type of conduct to which Plaintiff complains, and Plaintiff unreasonably failed to take advantage of the available preventative or corrective opportunities to otherwise avoid harm.  Alternatively, Defendants assert that Plaintiff's employer took prompt remedial action in response to any complaints made by Plaintiff.

133.   Any complaints by Plaintiff of illegal or inappropriate behavior were promptly and thoroughly investigated , and as such, Defendants should not be liable under SOX.

134.   Defendants should not be liable under SOX because they are not covered entities under SOX as they are not publically-traded.

135.   In the unlikely event that Plaintiff shows a violation of SOX regarding any whistle-blower activities, Defendants assert that the same decisions regarding Plaintiff's employment would have been made even if such whistle-blowing activities had not occurred.

16

136.   Some or all of Plaintiff's claims are barred because Defendants did not direct, authorize, or ratify any action on the part of Nezami or any other employee complained of by Plaintiff, and/or any complained-of actions on the part of Nezami or any other employee were outside of the course and scope of his or her employment.

137.   Some or all of Plaintiff's claims are barred because Defendants had no knowledge of any malicious or reckless conduct on the part of any employee, agent, or representative, because all unlawful actions taken by Defendants' managerial agents, if any occurred, were contrary to their good-faith efforts to comply with the law, and because Defendants did not authorize, ratify, or approve any malicious or reckless conduct by any of its employees or managerial agents.  Further, any discriminatory employment decisions of their agents, employees, or representatives were contrary to Defendants' good-faith efforts to comply with the law.

138.   Defendants assert that any injuries suffered by the Plaintiff resulted from his own acts or omissions or the acts and omissions of other persons over whom Defendants have no control, and specifically did not result from the Defendants' acts or omissions.

139.   Defendants assert the defenses of sole proximate cause and/or new and intervening cause (including but not limited to any superseding or intervening criminal or tortious act).

140.   Plaintiff's tort claims are preempted by Title VII of the Civil Rights Act of 1964 (as amended) ("Title VII"), Section 1981 of Title 42 of the United States Code (as amended) ("Section 1981"), the Texas Commission on Human Rights Act ("TCHRA"), and the Texas Labor Code.

141.   Plaintiff's claims are barred by the doctrine of unclean hands.

142.    Plaintiff's claims are barred by the doctrines of consent, laches, and ratification.

143.    To the extent Plaintiff has failed to mitigate his damages, if any, Plaintiff's failure to mitigate bars or limits his recovery.

144.    Plaintiff's claims are subject to offset by interim earnings from alternative employment and payments from collateral sources, including employment that Plaintiff did or should have obtained.  Plaintiff's claims are also subject to offset by the money he stole from HMS and/or Defendants.

145.    Some or all of the remedies requested by Plaintiff may be barred by the after-acquired evidence doctrine.

146.    Some or all of the damages and/or remedies requested by Plaintiff are barred as a matter of law because they are preempted by the exclusivity provisions of the Texas Workers' Compensation Act.

147.    Plaintiff's claim for punitive damages is barred to the extent that it violates the Constitutions of the United States and/or the State of Texas, or any other applicable law.

148.    Any and all damages claimed by Plaintiff, whether compensatory, punitive, actual, attorneys' fees, costs, or otherwise, are subject to all statutory exclusions, caps, and limitations.

149.    In the unlikely event that it is determined that Plaintiff is entitled to an award of exemplary damages, such are limited by the provisions of all state and federal laws, including but not limited to the Title VII, SOX, or the Texas Labor Code (including but not limited to the TCHRA), and/or any other federal or state law limiting such damages.

150.    Defendants had in place policies designed to prohibit the type of conduct complained of by the Plaintiff.  Therefore they should not be subject to punitive damages.

151.    Plaintiff should not be awarded punitive damages because Defendants did not act with malice, evil motive, or intention to discriminate against Plaintiff.  Additionally, Defendants had no reckless or callous indifference to any federally-protected rights of the Plaintiff.  As such, Plaintiff's claim for punitive damages is barred.

152.    Plaintiff must make an election of remedies.

153.    Defendants plead that they are entitled to recover its attorneys' fees and/or costs in defense of Plaintiffs' claims under *Christianberg Garment Co. v. EEOC*, 434 U.S. 412, 98 S. Ct. 694, 54 L.Ed.2d 648 (1978).

154.    Defendants reserve the right to amend or add additional affirmative defenses or counterclaims, which may become known during the course of discovery.

WHEREFORE, Defendants Healthscripts Specialty Pharmacy, LLC, Healthscripts of America—Austin, LLC, Healthscripts of America—Dallas, LLC, Healthscripts of America—Frisco, LLC, Healthscripts of America—Hill Country, LLC, Healthscripts of America—Houston Galleria, LLC, Healthscripts of America—Lubbock, LLC, Healthscripts of America—North Austin, LLC, Healthscripts of America—North Texas, LLC, Healthscripts of America—Pearland, LLC, Healthscripts of America—Southlake, LLC, Healthscripts of America—Stafford, LLC, and Healthscripts of America—Southwest Texas, LLC pray that they be discharged and dismissed; that judgment be entered in their favor; that Plaintiff taking nothing by his claims; that they be awarded their reasonable attorneys' fees, witness fees, and costs; and that they be granted additional and further relief to which they may show themselves be entitled.

Respectfully submitted,

**OF COUNSEL:**

Ruthie N. White
Texas Bar No. 00798580
Federal ID No. 21052
ruthie.white@jacksonlewis.com
Pamela B. Linberg
Texas Bar. No. 00793299
Federal ID No. 23981
linberp@jacksonlewis.com
**JACKSON LEWIS PC**
1415 Louisiana Street, Suite 3325
Houston, Texas 77002
Telephone:  (713) 650-0404
Facsimile:  (713) 650-0405


**ATTORNEYS FOR DEFENDANT**

/s/  *Joseph G. Galagaza*
Joseph G. Galagaza
Texas Bar No. 07572600
Federal ID No. 2283
galagazj@jacksonlewis.com
**JACKSON LEWIS PC**
1415 Louisiana Street, Suite 3325
Houston, Texas 77002
Telephone:  (713) 650-0404
Facsimile:  (713) 650-0405


**ATTORNEY-IN-CHARGE FOR DEFENDANTS HEALTHSCRIPTS SPECIALTY PHARMACY, LLC, HEALTHSCRIPTS OF AMERICA— AUSTIN, LLC, HEALTHSCRIPTS OF AMERICA—DALLAS, LLC, HEALTHSCRIPTS OF AMERICA—FRISCO, LLC, HEALTHSCRIPTS OF AMERICA—HILL COUNTRY, LLC, HEALTHSCRIPTS OF AMERICA—HOUSTON GALLERIA, LLC, HEALTHSCRIPTS OF AMERICA—LUBBOCK, LLC, HEALTHSCRIPTS OF AMERICA—NORTH AUSTIN, LLC, HEALTHSCRIPTS OF AMERICA—NORTH TEXAS, LLC, HEALTHSCRIPTS OF AMERICA—PEARLAND, LLC, HEALTHSCRIPTS OF AMERICA— SOUTHLAKE, LLC, HEALTHSCRIPTS OF AMERICA—STAFFORD, LLC, AND HEALTHSCRIPTS OF AMERICA—SOUTHWEST TEXAS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed *Defendants' Answer to Plaintiff's First Amended Complaint for Damages* on April 22, 2016, in accordance with the e-filing protocols of the United States District Court for the Southern District of Texas, and it has therefore been served on Plaintiff's attorney-of-record as listed below consistent with those protocols.

Christopher M Chestnut
The Chestnut Firm
303 Peachtree Street NE, Ste. 4150
Atlanta, GA 30308

Ruth Ann Daniels
Marcus Fettinger
GRAY REED & MCGRAW, P.C.
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201

Judson Andrew Waltman
Lanier Law Firm
6810 FM 1960 Road, West
Houston, TX 77069

Eric J. Taube
Paul Matula
TAUBE SUMMERS HARRISON
   TAYLOR MEINZER BROWN LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701

Samuel C. Beale
BEALE & ASSOCIATES
5821 Southwest Freeway, Suite 416
Houston, Texas 77057

*/s/  Pamela B. Linberg*
Pamela B. Linberg