# IN THE UNITED STATES COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **FENORRIS PEARSON,** | § § § § | |
| Plaintiff, | | |
| v. | § § § | Civil Action No. 4:15-cv-01791 |
| **HEALTHSCRIPTS MANAGEMENT SERVICES, LLC; TITANIUM HEALTHCARE, INC.; GLOBAL MOLECULARL LABS, LLC; HEALTHSCRIPTS SPECIALTY PHARMACY, LLC; HEALTHSCRIPTS OF AMERICA— AUSTIN, LLC; HEALTHSCRIPTS OF AMERICA—DALLAS, LLC; HEALTHSCRIPTS OF AMERICA—DENTON; HEALTHSCRIPTS OF AMERICA—FRISCO; HEALTHSCRIPTS OF AMERICA—HOUSTON, LLC; HEALTHSCRIPTS OF AMERICA—HOUSTON GALLERIA, LLC; HEALTHSCRIPTS OF AMERICA—HOUSTON MEDICAL CENTER, LLC; HEALTHSCRIPTS OF AMERICA— HOUSTON NORTHWEST, LLC; HEALTHSCRIPTS OF AMERICA—LUBOCK, LLC; HEALTHSCRIPTS OF AMERICA— MISSOURI CITY, LLC; HEALTHSCRIPTS OF AMERICA NORTH AUSTIN, LLC; HEALTHSCRIPTS OF AMERICA—NORTH CENTRAL TEXAS, LLC; HEALTHSCRIPTS OF AMERICA—NORTH HOUSTON, LLC; HEALTHSCRIPTS OF AMERICA—NORTH TEXAS, LLC; HEALTHSCRIPTS OF AMERICA—PEARLAND, LLC; HEALTHSCRIPTS OF AMERICA— RICHARDSON, LLC; HEALTHSCRIPTS OF AMERICA—ROUND ROCK, LLC; HEALTHSCRIPTS OF AMERICA— SOUTHLAKE, LLC; HEALTHSCRIPTS OF AMERICA—STAFFORD, LLC; HEALTHSCRIPTS OF AMERICA, SOUTHWEST TEXAS, LLC; HEALTHSCRIPTS OF AMERICA—WOODLANDS, LLC,** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## **DEFENDANTS' MOTION TO COMPEL AND FOR DISCOVERY SANCTIONS**

Defendants Healthscripts Management Services, LLC, Healthscripts Specialty Pharmacy, LLC, Healthscripts of America—Austin, LLC, Healthscripts of America—Dallas, LLC, Healthscripts of America—Frisco, LLC, Healthscripts of America—Hill Country, LLC, Healthscripts of America—Houston Galleria, LLC, Healthscripts of America—Lubbock, LLC, Healthscripts of America—North Austin, LLC, Healthscripts of America—North Texas, LLC, Healthscripts of America—Pearland, LLC, Healthscripts of America—Southlake, LLC, Healthscripts of America—Stafford, LLC, Healthscripts of America—Southwest Texas, LLC, Healthscripts of America—Denton, LLC, Healthscripts of America—Houston, LLC, Healthscripts of America—Houston Northwest, LLC, Healthscripts of America—North Central Texas, LLC, Healthscripts of America—North Houston, LLC, Healthscripts of America—Richardson, LLC, Healthscripts of America—Round Rock, LLC, and Healthscripts of America—Woodlands, LLC (collectively, "Defendants") file this Motion to Compel and for Discovery Sanctions ("Motion") against Plaintiff, Fenorris Pearson ("Pearson"), who failed to appear for his deposition in this case, noticed a month earlier, and has otherwise failed to adequately participate in the discovery process in this matter, warranting sanctions.

## I.
## BACKGROUND

1. In this wrongful discharge case, Plaintiff has sued over twenty defendants, all but one of whom were never his employer. Even so, he has refused to allow Defendants the necessary discovery to defend this suit. From first refusing to confer with Defendants to develop a Joint Discovery/Case Management Plan, to then failing to make his required Initial Disclosures, to then refusing to answer written discovery, to then failing to provide Defendants with the information reviewed by and relied upon by his experts, to finally failing to appear for

2

his scheduled deposition, Plaintiff has failed to adequately participate in the discovery process at every step of this litigation.

2. First, Plaintiff refused to make his required initial disclosures until Defendants demanded he do so. Though Defendants timely made their required Initial Disclosures in December 2015, Plaintiff failed to do so until demanded by Defendants, and then not until March 2016.

3. Next, Plaintiff refused to answer written discovery until repeatedly prodded by Defendants. Defendant HMS served its written discovery (including interrogatories and requests for production of documents) on February 5, 2016 by certified mail return receipt requested. Plaintiff received this discovery as evidenced by signature by his counsel's office on the return receipt. His responses were due on March 10, 2016. *See* FED. R. CIV. P. 33(b)(2) and 34(b)(2)(A). He did not respond. On March 11, 2016, his counsel requested an extension. Defendants freely granted this request, allowing him until March 18, 2016 to respond. Again, he did not respond. Defendants were then forced to prod him multiple more times before he finally responded. His responses were deficient in multiple areas.

4. Additionally, though requested in discovery and followed up multiple times by Defendants' counsel, Plaintiff has never produced all of the materials reviewed by and relied upon by his expert witness, Herbert Lyons. *See* Preliminary Economic Appraisal of Herbert Lyons, attached to Plaintiff's Motion for Extension of Time to File Expert Reports [**Dkt. 76**] dated May 2, 2016.

5. Moreover, Plaintiff has refused to allow Defendants to take his deposition. Defendants requested dates for such from his counsel on multiple occasions from during the spring and summer of 2016. *<u>He never provided a single available date.</u>* With the discovery

deadline rapidly approaching, Defendants ultimately sent its notice of deposition on June 23, 2016 (setting July 28, 2016 for his deposition).[1] Though the deposition was unilaterally noticed, Defendants expressly told Plaintiff that it would reschedule the deposition if he would only give available dates. He never responded to this notice, or moved to quash his deposition, or gave any dates within the discovery period for his deposition.

6. Three days before his deposition, a non-lawyer from Pearson's counsel's office called Defendants' counsel and asked to reschedule the deposition for a time in August after the close of discovery. Defendants' counsel explained that a lawyer for Pearson would have to request an extension of the discovery period. No lawyer for Pearson ever called Defendants' counsel back, though Defendants' counsel attempted multiple calls. Neither Pearson nor his counsel appeared for the deposition on July 28, 2016. Defendants then took a certificate of non-appearance. *See* Certificate of Non-Appearance for Oral Deposition of Fenorris Pearson, a true and correct copy of which is attached and incorporate into this Motion as Exhibit "A." Excuses from Pearson's counsel and staff for failing to appear at the deposition ranged from Mr. Chestnut being in trial (details of which were never provided) to Mr. Chestnut taking care of a personal matter in Florida (details of which were never provided) to Mr. Pearson being unable to attend for undisclosed reasons.

7. Because they were unable to follow up with Pearson in his deposition regarding his deficient responses to Defendants' written discovery, Defendants sent a letter to Plaintiff before discovery closed outlining the deficiencies and demanding immediate supplementation. *See* Letter from Defendants to Plaintiff dated July 29, 2016, a true and correct copy of which is attached and incorporate into this Motion as Exhibit "B." Plaintiff did not respond to the letter,

---

[1] Plaintiff received HMS's Notice of Deposition as indicated by the signature on the return receipt for delivery.

but instead attempted to use it as a reason to extend his deadline for discovery (but not for Defendants).  *See* Plaintiff's Motion for Extension of Time Discovery Deadline [**Dkt. 87**] filed August 1, 2016.  These responses were due in March and are not a reason for further delay.

8.  Discovery has now closed.  *See* Order Granting Defendants' Unopposed Motion to Extend Discovery and Motion Cut-Off Deadlines[2] [**Dkt. 82**] filed May 26, 2016.  Plaintiff now has filed a motion asking the Court to allow him—*and only him*—more time to conduct discovery. *See* Plaintiff's Motion to Extend Discovery [**Dkt. 87**] filed August 1, 2016.  To make matters worse, his motion was filed without conferring with Defendants as required by the Court's local rules.  *See* L.R. 7.1(D).

9.  Dispositive motions in this matter must be filed by September 1, 2016.  *See id.* The Joint Pre-Trial Order must be filed by October 28, 2016.  *See* Rule 16 Scheduling Order [**Dkt. 56**] dated December 1, 2016.  A three-day trial is set in this matter during the November/December trial term.  *See id.*

10.  By this Motion, Defendants request that the Court order Plaintiff to: (1) supplement his discovery as outlined in Exhibit B; and (2) appear for his deposition in Houston at a date certain in the next thirty (30) days.  Additionally, Defendants request that the Court sanction Plaintiff for failing to adequately participate in the discovery process, up to and including dismissal of his claims.  Additionally and/or alternatively, Defendants request that the Court set the matter for a status conference, ordering that each party's counsel appear in person.

11.  This Motion is filed contemporaneously with Defendants' Joint Response to Plaintiff's Motion to Extend Discovery [**Dkt. 89**].  Defendants incorporate that Response into this Motion.

---

[2] This Motion was necessitated by Plaintiff's Motion for Extension of Time of Expert Reports [**Dkt. 76**] filed May 2, 2016.

12.     Some of the factual assertions in this Motion are supported by the Declaration of Pamela B. Linberg, which is attached and incorporate into this Motion as Exhibit "C."

## II.
## ARGUMENT & AUTHORITIES

13.     A court may compel a party to respond to discovery if a party fails to adequately respond to discovery or fails to appear for a properly-noticed deposition. *See* FED. R. CIV. P. 37(a)(3)(B); 37(b)(2)(A)(i)-(vi). The Rules further provide for sanctions against an offending party, including an order that: (1) provides that designated facts be taken as established for purposes of the action, (2) prohibits the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, (3) strikes out pleadings or parts thereof, (4) stays the proceedings, (5) dismisses the action or proceeding or any part thereof, or (6) renders a judgment by default. *See* FED. R. CIV. P. 37(b)(2)(A)(i)-(vi). Alternatively and/or additionally, a court must "require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses including attorneys' fees caused by the failure." *See* FED. R. CIV. P. 37(d)(3).

14.     At a minimum, an order directing Plaintiff to supplement his discovery responses or appear for his deposition is appropriate. *See* Ex. B. Additionally, dismissal of his claims against Defendants for his discovery abuse is warranted. Dismissal of his claims is also the most appropriate sanction available as discovery has already closed. It appears that Plaintiff skipped his deposition to further thwart discovery efforts and to leave Defendants in the dark as to the details of his claims and damages. This strategy should not be rewarded. Instead, his claims should be dismissed as a sanction against discovery abuse.

15.     Further, Pearson and his counsel should be directed to pay monetary sanctions to Defendants in an amount equal to the attorney fees and expenses incurred in preparing for and

attending the deposition for which he failed to appear.  On request, Defendants will present affidavit evidence of such fees and expenses.

16.     Finally, Defendants ask the Court to impose sanctions on Plaintiff under its inherent power to sanction.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991).

## III.
## PRAYER

17.     Based on the foregoing, Defendants request that the Court conduct a hearing; order Plaintiff to supplement his discovery responses and appear for his deposition within the next 30 days;  award an appropriate sanction to Defendants for Plaintiff's discovery abuse as described in this Motion, up to an including dismissal of Plaintiff's claims.  Additionally and/or alternatively, Defendants request that the Court set this matter for a status conference and order that counsel for each party appear in person.  Finally, Defendants request that the Court award them such additional and further relief to which they may show themselves justly entitled.

Respectfully submitted,

*/s/  Pamela B. Linberg*
Joseph G. Galagaza
Texas Bar No. 07572600
Federal ID No. 2283
galagazj@jacksonlewis.com
**JACKSON LEWIS P.C.**
1415 Louisiana Street, Suite 3325
Houston, Texas 77002
Telephone:  (713) 650-0404
Facsimile:  (713) 650-0405

**ATTORNEY-IN-CHARGE FOR DEFENDANTS HEALTHSCRIPTS MANAGEMENT SERVICES, LLC, HEALTHSCRIPTS SPECIALTY PHARMACY, LLC, HEALTHSCRIPTS OF AMERICA—AUSTIN, LLC, HEALTHSCRIPTS OF AMERICA—DALLAS, LLC, HEALTHSCRIPTS OF AMERICA—FRISCO, LLC, HEALTHSCRIPTS OF AMERICA—HILL**

**OF COUNSEL:**

Ruthie N. White
Texas Bar No. 00798580
Federal ID No. 21052
ruthie.white@jacksonlewis.com
Pamela B. Linberg
Texas Bar. No. 00793299
Federal ID No. 23981
linberp@jacksonlewis.com
**JACKSON LEWIS P.C.**
1415 Louisiana Street, Suite 3325
Houston, Texas 77002
Telephone:  (713) 650-0404
Facsimile:  (713) 650-0405

**ATTORNEYS FOR DEFENDANTS**

**COUNTRY, LLC, HEALTHSCRIPTS OF AMERICA—HOUSTON GALLERIA, LLC, HEALTHSCRIPTS OF AMERICA—LUBBOCK, LLC, HEALTHSCRIPTS OF AMERICA—NORTH AUSTIN, LLC, HEALTHSCRIPTS OF AMERICA—NORTH TEXAS, LLC, HEALTHSCRIPTS OF AMERICA—PEARLAND, LLC, HEALTHSCRIPTS OF AMERICA—SOUTHLAKE, LLC, HEALTHSCRIPTS OF AMERICA—STAFFORD, LLC, HEALTHSCRIPTS OF AMERICA—SOUTHWEST TEXAS, LLC, HEALTHSCRIPTS OF AMERICA—DENTON, LLC, HEALTHSCRIPTS OF AMERICA—HOUSTON, LLC, HEALTHSCRIPTS OF AMERICA—HOUSTON NORTHWEST, LLC, HEALTHSCRIPTS OF AMERICA—NORTH CENTRAL TEXAS, LLC, HEALTHSCRIPTS OF AMERICA—NORTH HOUSTON, LLC, HEALTHSCRIPTS OF AMERICA—RICHARDSON, LLC, HEALTHSCRIPTS OF AMERICA—ROUND ROCK, LLC, AND HEALTHSCRIPTS OF AMERICA—WOODLANDS, LLC**

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Plaintiff on August 3, 2016 via Email, and again on August 4, 2016 by both Email and telephone conference, and he is opposed to this Motion.

*/s/ Pamela B. Linberg*
Pamela B. Linberg

## CERTIFICATE OF SERVICE

      I certify that I filed *Defendants' Motion to Compel and for Discovery Sanctions* on August 5, 2016, in accordance with the e-filing protocols of the United States District Court for the Southern District of Texas, and it has therefore been served on Plaintiff's attorneys-of-record as listed below consistent with those protocols.

Christopher M Chestnut
THE CHESTNUT FIRM
303 Peachtree Street NE, Ste. 4150
Atlanta, Georgia  30308

**ATTORNEYS FOR PLAINTIFF
FENORRIS PEARSON**

Christopher M Chestnut
THE CHESTNUT FIRM, LLC
841 Prudential Drive, Suite 1220
Twelfth Floor
Jacksonville, Florida  32207

**ATTORNEYS FOR PLAINTIFF
FENORRIS PEARSON**

Judson Andrew Waltman
LANIER LAW FIRM
PO Box 691448
6810 FM 1960 Road, West  (77069)
Houston, Texas  77269-2204

**ATTORNEYS FOR PLAINTIFF
FENORRIS PEARSON**

Ruth Ann Daniels
Marcus Fettinger
GRAY REED & MCGRAW, P.C.
4600 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201

**ATTORNEYS FOR DEFENDANT
GLOBAL MOLECULAR LABS, LLC**

Eric J. Taube
Paul Matula
TAUBE SUMMERS HARRISON
    TAYLOR MEINZER BROWN LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701

**ATTORNEYS FOR DEFENDANT
TITANIUM HEALTHCARE, INC.**

Samuel C. Beale
BEALE & ASSOCIATES
5821 Southwest Freeway, Suite 416
Houston, Texas 77057

**ATTORNEY FOR DEFENDANT
HEALTHSCRIPTS OF AMERICA –
HOUSTON MEDICAL CENTER, LLC**

*/s/  Pamela B. Linberg*
Pamela B. Linberg