UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FENORRIS PEARSON, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION H-15-1791 |
| | § | |
| HEALTHSCRIPTS MANAGEMENT | § | |
| SERVICES LLC, *ET AL.*, | § | |
| *Defendants*. | § | |

## ORDER

This matter is before the court on the motions to compel and for sanctions of defendants Titanium Healthcare, Inc. (Dkt. 90), Global Molecular Labs, LLC (GML) (Dkt. 91), and the Healthscripts entities[1] (HMS) (Dkt. 93).[2] After a hearing on the record in open court on August 17, 2016, the court concludes that sanctions are appropriate.

**Background**

Defendants' motions were precipitated by Pearson's failure to appear for a duly noticed deposition on July 28, 2016. Counsel for HMS, Pamela Linberg, began asking plaintiff's counsel, Christopher Chestnut, for deposition dates in Spring 2016.

---

[1] Pearson has stipulated to the dismissal of most of the Healthscripts defendants, leaving only Healthscripts Management Services, LLC and Healthscripts Specialty Pharmacy LLC as defendants in this case.

[2] The motions have been referred by the district court to this magistrate court for determination (Dkt. 92, 95). Defendants' pending motions to dismiss for lack of jurisdiction (Dkts. 84, 85) are not before this court.

Because none were provided, on June 23, 2016 HMS unilaterally noticed Pearson's deposition for July 28, 2016 in Houston. GML and Titanium cross-noticed the depositions for the same date. There is no dispute that Chestnut never contacted counsel for GML or Titanium about the deposition. Chestnut and Linberg give differing accounts of their communications regarding the deposition.

Chestnut claims he called Linberg on July 25 to ask that the deposition be reset for August 4. Linberg claims that a non-lawyer working for Chestnut called on July 25, and she made it clear that she needed to talk to Chestnut, or a least a lawyer working with him, before making any agreement. Linberg contends she did not hear from Chestnut until August 1, 2016. In addition, Linberg alleges she was first told that the deposition needed to be reset because Chestnut was in trial, and subsequently told that Chestnut was unavailable because he was attending to a personal matter in Florida. At the hearing, Chestnut represented that he was available on July 28, but Pearson was not. Chestnut was not entirely sure why Pearson could not appear.

It is undisputed that despite 5 weeks notice, no one contacted any defense counsel until a few days before the scheduled deposition. Plaintiff did not file a motion for protection or to quash the deposition notice. The discovery deadline was August 1, 2016, and the parties did not have an agreement to extend to the discovery deadline.

Defendants also emphasize that the failure to appear on July 28 was not the first instance of plaintiff's disregard for the discovery process. Chestnut did not participate in the Rule 26 initial conference and preparation of the Joint Case Management Plan and did not file timely initial disclosures; Titanium was forced to file a motion to compel to get responses to its written discovery;[3] plaintiff still has not fully responded to HMS's written discovery; and Pearson has not responded at all to GML's written discovery requests. Pearson has propounded no discovery at all.[4] All defense counsel expressed great frustration at their inability to communicate with Chestnut, who rarely responds to phone calls or emails.[5]

**Legal Standards and Analysis**

Federal Rule of Civil Procedure 37 permits numerous sanctions for a party's failure to comply with discovery obligations. Permitted sanctions under Rule 37(b)(2)(A) include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

---

[3] Pearson complied with the court's May 4 order (Dkt. 77) as to production of documents. However, that order expressly contemplated that the outstanding interrogatories would be addressed in Pearson's deposition, for which he did not appear.

[4] Judge Hittner denied Pearson's request for an extension of the August 1 discovery deadline (Dkt. 94).

[5] Chestnut attributes some of the difficulty in complying with discovery requests to a now-concluded criminal investigation of Pearson, and Pearson's filing at least one bankruptcy case. But these explanations have never been offered in a motion for protection.

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

The sanctions identified above may also be imposed under Rule 37(c) for a party's failure to make disclosures under Rule 26 or to supplement prior discovery responses, as well as under Rule 37(d) for a party's failure to appear for a deposition or to respond to requests under Rules 33 and 34. The court's decision whether to impose sanctions for discovery abuse under Rule 37 is reviewed for abuse of discretion. *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1033 (5th Cir.(1990); *CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268,277 (5th Cir. 2009).

Defendants have asked for "death penalty" sanctions, *i.e.*, dismissal of plaintiff's claims with prejudice. When a party demonstrates "flagrant bad faith and callous disregard of its responsibilities," the ultimate sanction of dismissal may be warranted. *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1381 (5th Cir.1976). However, when the disobedient party is the plaintiff, dismissal with prejudice is a sanction of last resort applicable in extreme circumstances. *Id.*.

Plaintiff's lack of responsiveness here certainly indicates bad faith. This court's prior discovery order (Dkt. 77), clearly contemplated that plaintiff's deposition would be taken prior to the end of the discovery period. However, under the circumstances, the court concludes that the lesser sanction of excluding new evidence, as permitted by Rule 37(b)(2)(A)(ii), will serve the deterrent purpose of Rule 37. This sanction also furthers Federal Rule of Civil Procedure 26's purpose of preventing prejudice and surprise. *See Reed v. Iowa Marine Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

The court exercises its discretion to impose Rule 37 sanctions after consideration of (1) the importance of the excluded evidence; (2) prejudice to the opposing party from including the evidence; (3) the possibility of curing prejudice through a continuance; and (4) the explanation for the party's failure. *CQ, Inc.*, 565 F.3d at 280; *Patterson v. Houston Indep. School Dist.*, 570 Fed. App'x 367, 369 (5th Cir. 2014). While the evidence to be excluded, particularly evidence related to damages and the identity of his employer, is potentially important to plaintiff, he offers absolutely no good reason for failing to comply with discovery requests or for failing to respond appropriately to the notices of deposition.[6] The discovery deadline has passed, and the motion and trial deadlines loom. The court is not persuaded that a continuance can adequately cure the prejudice to defendants of allowing new

---

[6] In fact, when asked by the court at the hearing for a response to GML's argument, counsel declined to offer any response at all.

5

evidence at this late stage of the proceedings, and is not convinced that plaintiff's conduct will not be repeated. Thus, plaintiff will be barred from using new evidence at trial or on summary judgment, and only a brief continuance for the purpose of filing and resolving dispositive motions will be granted.

**Conclusion and Order.**

For the reasons discussed above, defendants' motions (Dkts. 90, 91, 93) are granted in part. It is

ORDERED that plaintiff is prohibited from introducing any evidence at trial or on summary judgment that was not produced to defendants prior to August 17, 2016, the date of the hearing. This ruling covers documentary evidence, as well as Pearson's testimony as to any facts that were not revealed in initial disclosures or in response to defendants' interrogatory requests. Because this sanction negates the need to compel additional discovery responses from Pearson or Pearson's deposition, the motions to compel are denied.

In addition, because counsel's failure to communicate has been at least partly responsible for obstructing the discovery process, it is further

ORDERED that Christopher Chestnut, is also ordered to pay $1,000.00 to HMS, GML, and Titanium (for a total sanction of $3,000.00) as partial compensation

for their fees and expenses incurred due to Pearson's failure to appear at the July 28 deposition and in bringing the current motions.

This dispute has created the need for a brief continuance of the motion deadline and trial date for this case. It is therefore

ORDERED that dispositive motions must be filed by September 30, 2016. The trial of this case is set on United States District Judge David Hittner's January/February, 2017 trial docket.

Signed at Houston, Texas on August 31, 2016.

                                          Stephen Wm Smith
                                    United States Magistrate Judge