United States District Court
Southern District of Texas
**ENTERED**
September 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FENORRIS PEARSON, § § Plaintiff, § § § § § v. § § HEALTHSCRIPTS § MANAGEMENT SERVICES, LLC, § *et al.* § § Defendants. § | Civil Action No. H-15-1791 |

## ORDER

Pending before the Court are Defendants Healthscripts Management Services, LLC and Titanium Healthcare, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 84) and Defendant Global Molecular Labs, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 85). Having considered the motions, submissions, and applicable law, the Court determines the motions should be denied without prejudice.

## I. BACKGROUND

This case arises out of Plaintiff Fenorris Pearson's ("Pearson") previous employment with Defendant Healthscripts Management Services, LLC ("HMS"). HMS employed Pearson from October 2013 to July 2014. During this period, Pearson alleges he was subjected to multiple racially derogatory and offensive

1

remarks by an individual named Kamran Nezami ("Nezami"). Nezami was the chief executive officer of HMS and the chairman of the board for Defendant Titanium Healthcare, Inc. ("Titanium"). Pearson also alleges he reported Nezami's actions, as well as other allegedly unlawful activity, to Defendants' shareholders and executives. On July 30, 2014, HMS terminated Pearson's employment.

On September 16, 2014, Pearson filed charges of employment discrimination with the Equal Employment Opportunity Commission and the Texas Workforce Commission based on Nezami's alleged conduct. On January 6, 2015, Pearson filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas.[1] On June 6, 2015, Pearson filed a complaint in this Court against Defendants HMS, Titanium, Global Molecular Labs, LLC ("Global"), and Healthscripts Specialty Pharmacy, LLC.[2] His lawsuit includes claims for hostile

---

[1] Case No. 15-10041-TMD.

[2] Pearson also initially sued Healthscripts of America—Austin, LLC, Healthscripts of America—Dallas, LLC, Healthscripts of America—Denton, LLC, Healthscripts of America—Frisco, LLC, Healthscripts of America—Hill Country, LLC, Healthscripts of America—Houston, LLC, Healthscripts of America—Houston Galleria, LLC, Healthscripts of America—Houston Medical Center, LLC, Healthscripts of America—Houston Northwest, LLC, Healthscripts of America—Lubbock, LLC, Healthscripts of America—Missouri City, LLC, Healthscripts of America—North Austin, LLC, Healthscripts of America—North Central Texas, LLC, Healthscripts of America—North Houston, LLC, Healthscripts of America—North Texas, LLC, Healthscripts of America—Pearland, LLC, Healthscripts of America—Richardson, LLC, Healthscripts of America—Round Rock, LLC, Healthscripts of America—Southlake LLC, Healthscripts of America—Stafford, LLC, Healthscripts of America—Southwest Texas, LLC, and

work environment, discriminatory discharge, disparate compensation discrimination, retaliation, and whistleblower retaliation. Pearson's January 6, 2015 bankruptcy petition did not include the instant lawsuit in its sworn schedules or the Statement of Financial Affairs. On July 26, 2016, Defendants HMS, Titanium, and Global (collectively, "Defendants") moved to dismiss Pearson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "The

---

Healthscripts of America—Woodlands, LLC. *Complaint for Damages*, Document No. 1 at 4–10. All claims against these defendants have since been voluntarily dismissed by Pearson. *Stipulation*, Document No. 104 at 2–3.

burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.* "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Home Builders Ass'n of Miss.*, 143 F.3d at 1010.

### III. LAW & ANALYSIS

The parties agree the trustee of Pearson's bankruptcy estate, Ron Satija ("Satija"), is the only real party in interest in this case.[3] Defendants contend this requires dismissal of Pearson's case because he lacks standing. Pearson contends dismissal is not required and requests leave to seek the ratification or substitution of Satija as plaintiff.

All civil actions must be brought in the name of the real party in interest. FED. R. CIV. P. 17(a). However, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *Id.* In determining whether to dismiss a case brought by an incorrect party, courts generally consider: 1) whether the incorrect plaintiff

---

[3] *Defendants Healthscripts Management Services, LLC and Titanium Healthcare, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Document No. 84, ¶ 15; *Defendant Global Molecular Labs, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Document No. 85, ¶ 2; *Plaintiff's Response in Opposition to Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction*, Document No. 101, ¶ 12 (requesting time to seek ratification or substitution of Satija as plaintiff).

was given a reasonable time to seek ratification, joinder, or substitution of the real party in interest; and 2) whether the pleading deficiency was an "understandable mistake." *See Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001) (citing FED. R. CIV. P. 17(a)). When the real party in interest is a trustee of the plaintiff's bankruptcy estate, the court should also consider the impact of dismissal on the plaintiff's creditors. *Id.* at 309.

Here, Defendants do not dispute Pearson's contention that he has not been given reasonable time to cure the pleading deficiency. The bankruptcy trustee, Satija, urges the Court to grant more time to allow him to "evaluate the merits" of the lawsuit.[4] Also, this case initially involved multiple claims requiring prerequisite administrative action brought against nearly thirty defendants. Pearson thus contends his failure to disclose the pending suit in his bankruptcy petition was an "honest, unintentional mistake due to the complexity of his suit . . . ."[5] Although Defendants contend otherwise, they fail to provide contrary evidence. Finally,

---

[4] *Declaration of Rob Satija in Support of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Document No. 102, ¶¶ 5, 6.

[5] *Plaintiff's Response in Opposition to Defendants' Motions to Dismiss for Lack of Subject Matter Jurisdiction*, Document No. 101, ¶ 4.

Satija has indicated failure to grant leave could result in forfeiture to Pearson's creditors.[6]

These facts weigh in favor of granting Pearson a reasonable amount of time to seek the ratification or substitution of Satija as plaintiff. Accordingly, this Court finds dismissal of Pearson's claims inappropriate at this time and denies the Defendants' motions without prejudice.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants Healthscripts Management Services, LLC and Titanium Healthcare, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 84) is **DENIED WITHOUT PREJUDICE**. The Court further

**ORDERS** that Defendant Global Molecular Labs, LLC's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Document No. 85) is **DENIED WITHOUT PREJUDICE**. The Court further

**ORDERS** that Pearson shall seek ratification, joinder, or substitution of the real party in interest into this action in compliance with Rule 17 within twenty-one days from the date of this Order. Failure to seek ratification, joinder, or substitution

---

[6] *Declaration of Rob Satija in Support of Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction*, Document No. 102, ¶ 6.

6

of the real party in interest into this action in compliance with Rule 17 within twenty-one days will result in dismissal of Pearson's case.

SIGNED at Houston, Texas, on this __15__ day of September, 2016.

_____
DAVID HITTNER
United States District Judge